*Soott, J.
The judgment sought in this case to be reversed, was rendered in a proceeding upon the motion of the plaintiff^ in error, to amerce the defendant in error, as late sheriff of Lake county, for not making return, within the proper time, of an execution issued in their favor against one Oden.
The bill of exceptions shows that a writ of ft. fa. was issued on the 13th day of July, 1852, and placed in the sheriff’s hands on the same day, returnable at the next term of the court of common pleas, which commenced on the 4th day of October, 1852, and closed on the Ibtk day of the same month. This writ, when offered in evidence by the plaintiffs, had indorsed upon it the following return : “ I have made search, and can find no property belonging to defendant,' and nothing has been made. Dan. Parker, Sheriff, *24 Oct. 4, ’52. S. & R. 35c. Travel, 5c.” A further writing, in pencil, made by the clerk of the court, was also indorsed as follows. “ Ret’d Oct. 20, ’52.” And it was proved by the plaintiff, the defendant objecting, that the writ was not returned by the defend-into the clerk’s office, till the date of said pencil indorsement, four days after the adjournment of court. It was proved by the defendant, that his said return was indorsed on the execution, as early as the the second day of the return term thereof; that it was m the sheriff’s desk in the court-room, with other executions and papers of said sheriff; that the sheriff and clerk each had offices in the lower story of the court-house, but that during term .time of said court, whilst it was actually in session, the sheriff ordinarily kept his papers, executions, and the like, in said desk, which was used for his private purposes, and was kept locked when he was absent. When he was in court, it was ordinarily kept unlocked ; but he sat in the sheriff’s box, of which it formed a part, in such manner that it could not be opened without his consent. That sometimes, during term, he received money on executions, at said desk, and sometimes paid money there, whilst court *was in session; that the clerk sometimes called on him for executions at said desk, and received them from him; that the clerk, during the actual sessions of the court, ordinarily kept his office looked, and kept the court papers, executions returned to him, and the like in the court-room, in the clerk’s desk, which was kept locked during his absence from the court-room; that during any absence of the sheriff from the court-room whilst the court was in session, the, deputy sheriff occupied his box, and had access to his desk, and had orders from him, if any of the executions were called for by the attorneys of said court, to place them in a proper place.
Upon this state of the proof, the court of common pleas held that the defendant was not liable to amercement, and rendered judgment accordingly. This judgment was affirmed on error by the district court. The plaintiffs now seek to reverse this judgment of affirmance.
Two questions arise upon the record :
1. Was the date of the return indorsed upon th6 execution by the sheriff, conclusive evidence in this proceeding as to the timo when the writ was returned to the court ? And, if not, then,
2. Do the proofs show such official delinquency ?,g should have subjected the sheriff to judgment of amercement?
*25 The execution in this case was issued, and the proceeding to amerce was instituted, before the adoption of the present code, and under the act of March 1, 1831, “ regulating judgments and executions.” Swan’s Stat. of 1841, 467.
That statute in prescribing the duties of the sheriff, in the service and return of executions, provides, in the 24th section, that “ he shall return such writ to the court, to which the same is returnable, on or before the second day of the term to which said writ is made returnable.” And by the 31st section of the same act, he is made liable to amercement, if “ he shall neglect to return any writ or *writs of execution to him directed, to the court to which the same is or are returnable, on or before the second day,” etc.
It is no doubt the duty of the sheriff to indorse upon his writ of execution the time when, and the manner in which, he has performed its command. And this indorsement, by which the court is to be informed of the manner in which its writ has been executed by the sheriff, is called his “return.” But the statute imposes upon the sheriff a still further duty, and require^ that the writ itself shall be returned to the court on or before a specified time. The manner in which the writ was executed might be fully indorsed thereon, and yet the writ never be returned to the court. This indorsement is made while the writ is still in the sheriff’s exclusive possession, and must naturally precede its return to the court; and while its date is at least prima facie evidence of the time when-it was made, it can not well be conclusive evidence of the time when the subsequent act of returning the writ thus indorsed to the court was performed, or that this subsequent act was done at any time. It can only be evidence of that which it purports to show.
We therefore think it was competent for the plaintiff to prove that the execution was not returned to the court at the date attached by the sheriff to his return indorsed thereon.
But 2. Do the facts proved show a proper case for amercement ?
The remedy by motion to amerce is a summary one, excluding a trial by jury, and is of a highly stringent and penal character in its results. Without regard to the quantum of damage sustained by the plaintiff, judgment must be rendered against the defendant, if at all, for the full amount of the debt, damages, and costs named in the execution, with ten per cent, penalty thereon. It has therefore been uniformly held that the statute must be construed strictly, and that the sheriff must be brought ^within both its letter and *26 spirit, before a recovery can bo had against him. Bushnell v Eaton, Wright, 720; Duncan v. Drakely, 10 Ohio, 45; Bank of Gallipolis v. Domigan, 12 Ohio, 220.
The statute was, no doubt, intended to enforce and secure the proper execution of process by the ministerial officer to whom it may be directed. But where the requirements of the statute have been substantially complied with, so far as the interests of either party can require, a construction closely adhering to its letter, without reference to its spirit and substance, would often work manifest injustice, and convert its wholesome provisions, in the hands of crafty and unscrupulous parties, into mere snares for the unsuspecting, though honest and faithful officer.
The default alleged against the sheriff in this case, is not a failure to execute the writ according to its terms, but a failure to return it, when properly executed, to the court from whence it was issued, within the time required by statute. The evidence shows that the writ in question was, upon the return day thereof, actually in court with a return officially indorsed thereon, showing fully the time and manner of its execution by the sheriff. That it was then, and from thenceforward during all the sessions of the court at that term, kept as an executed writ, in an open desk, in the presence of the court, accessible to the parties, ready at all. times for their inspection, and for any action which the court might be called upon to take in relation thereto. The instructions of the sheriff to his deputy, show that he regarded the writ as being returned to, and in the possession of, the court. It was not withhold from the plaintiffs, nor is there any reason to believe that the slightest inquiry on their part, made in good faith, could have failed to put them in possession of the writ, with the return indorsed, and have afforded them the full use of it for any legitimate purpose. The statute did not, in terms, require that it should be returned to or *filed by the clerk, but simply that it should be returned to the court; and though the clerk is the proper custodian of the papers and documents filed in the court, yet we may well hesisate to hold that executed process, or other papers, can not come to the possession of the court, when in session, without passing, in fact, through his hands. Though, for the convenient transaction of business, executions, with proper returns indorsed thereon by the sheriff, may be kept, during the return, term, in a desk approj>riated to the use of the sheriff, and constituting part of the court-room fur *27 niture, though a few feet distant from the clerk’s desk, yet, if they are thus kept, subject at all times to the inspection and order of the court, and the free examination of all the parties, the sheriff himself treating them as papers in the possession of the court, and no longer claiming an exclusive right to their possession, they may fairly be regarded as having been returned to the court. Had the plaintiffs in this case desired to inspect the execution upon the proper return day, or at any subsequent time during the term, they could doubtless have done so without leaving the court-room. At the close of the term, the writ was placed, by the defendant, in the. custody of the proper officer. ¥e think the sheriff substantially discharged his duty in the promises, and therefore affirm the judgment of the district court.
Brinkerhoee, C. J., and Stjtliee, Peck, and G-holson, JJ., concurred.